J. S48028/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN THOMAS PARKER, | : | |
| Appellant | : | |
| | : | No. 1833 WDA 2015 |

Appeal from the Judgment of Sentence January 22, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division No(s): CP-02-CR-0000275-2014
CP-02-CR-0006793-2013
CP-02-CR-0009422-2013
CP-02-CR-0009423-2013
CP-02-CR-0010886-2013

BEFORE: BOWES, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 03, 2016**

Appellant, John Thomas Parker, appeals from the January 22, 2015 Judgment of Sentence, imposed by the trial court after Appellant pled guilty but mentally ill[1] to more than a dozen criminal offenses, including three counts of Defiant Trespass, two counts of Criminal Trespass, two counts of Criminal Mischief, three counts of Intimidation of Witnesses or Victims, two counts of Terroristic Threats, and one count of Harassment. With this appeal, Appellant's counsel, Natalie L. Snyder, Esq., has filed a Petition to

---

[1] Appellant entered into a semi-negotiated plea agreement where the Commonwealth withdrew or amended certain charges in exchange for Appellant's plea. No agreement was negotiated regarding sentencing.

Withdraw and an **Anders**[2] brief, stating that the appeal is wholly frivolous. After careful review, we affirm the Judgment of Sentence and grant counsel's Petition to Withdraw.

We summarize the factual and procedural history as follows. In May of 2013, Appellant entered the home of his estranged wife on three occasions, despite having been barred from the property. On two of those occasions, Appellant destroyed personal effects belonging to his estranged wife. Following his arrest on various trespassing and burglary charges, Appellant sent two threatening letters "vow[ing] to wage revenge on those responsible for putting him in jail" and threatening to murder his estranged wife and her family members. N.T., 1/22/15, at 60-64. Appellant was then charged with various offenses arising out of these letters.

On January 22, 2015, following a lengthy colloquy from the trial court, Appellant pled guilty but mentally ill to the above-mentioned charges. Appellant agreed to forego a pre-sentence investigation, and the trial court sentenced Appellant to consecutive sentences, which resulted in an aggregate term of 10 1/4 to 30 years of imprisonment.

Appellant filed a Motion to Modify Sentence on January 28, 2015, which the trial court denied on January 30, 2015. Appellant did not appeal. On May 5, 2015, Appellant filed a Petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46. Following the

---

[2] **Anders v. California**, 386 U.S. 738 (1967).

appointment of counsel, Appellant filed an Unopposed Motion to Reinstate Petitioner's Direct Appeal Rights *Nunc Pro Tunc*, which the trial court granted on October 30, 2015. Appellant then filed the instant timely appeal to this Court.

On appeal, Appellant raises the following five issues for our review:

1. Whether Appellant should be allowed to withdraw his guilty plea when he has discovered new evidence that demonstrates Appellant is innocent of the charges and the victim lied.

2. Whether Appellant should be allowed to withdraw his guilty plea when he has discovered new evidence that demonstrates Appellant is innocent of the charges and Deandre Scott indicated that the victim called Appellant to the victim's residence and then proceeded to inform police of Appellant's presence.

3. Whether Appellant should be allowed to withdraw his guilty plea when he has discovered new evidence of an overheard conversation, that demonstrates Appellant is innocent of the charges and the victim lied.

4. Whether Appellant should be allowed to withdraw his guilty plea when he contends that Trial Counsel coerced him and made promises regarding sentencing that did not come to fruition.

5. Whether the Trial Court abused its discretion by imposing consecutive sentences, not allowing for the home plan, and by denying Appellant's Motion to Modify Sentence.

Supplemental ***Anders*** Brief at 1 (reordered for ease of disposition).

As Appellant's counsel has filed an ***Anders*** Brief, we must consider her request to withdraw as counsel prior to reviewing Appellant's claims on the merits. ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010).

An ***Anders*** brief must comply with the requirements set forth by our Supreme Court in ***Commonwealth v. Santiago***:

> [W]e hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client:

> Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief.

***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*). Further, "this Court must conduct an independent review of the record to discern if there

are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

In this appeal, we conclude that counsel's *Anders* brief complies with the requirements of *Santiago*. First, counsel has provided a procedural and factual summary of the case with references to the record. Second, counsel advances relevant portions of the record that arguably support Appellant's claims on appeal. Third, counsel concludes that the instant appeal is wholly frivolous. Lastly, counsel has complied with the requirements set forth in *Millisock*. *See* Letter from Counsel to Appellant, dated 6/24/16. As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

In his first three issues on appeal, Appellant avers that he should be permitted to withdraw his guilty plea due to newly-discovered evidence. The newly discovered evidence, however, is evidence that the Appellant knew or should have known about when the trial court had jurisdiction and thus, should have raised before the trial court. Appellant did not seek such relief in the trial court and cannot do so for the first time on appeal to this Court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and

cannot be raised for the first time on direct appeal."). Accordingly, such argument is waived.[3]

In his fourth issue, Appellant alleges trial counsel was ineffective for coercing him into pleading guilty based on false promises. Ineffective assistance of counsel claims must be raised in collateral proceedings and not on direct appeal. *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). Accordingly, Appellant is not entitled to relief on this issue in this direct appeal.

In his final issue, Appellant challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

---

[3] Our analysis does not prevent Appellant from raising the issue in a timely-filed PCRA Petition. *See* 42 Pa.C.S. §9543(A)(2)(vi) (codifying grounds for relief where petitioner presents previously unavailable exculpatory evidence).

Instantly, Appellant filed a timely Post-Sentence Motion as well as a timely Notice of Appeal after the reinstatement of his appellate rights. Although Appellant failed to include a separate Pa.R.A.P. 2119(f) statement in his Brief to this Court, we will not find waiver as the Commonwealth has not made a timely objection. *See Commonwealth v. Brougher*, 978 A.2d 373, 375 (Pa. Super. 2009). As to whether Appellant has presented a substantial question, we must examine the specific sentencing issue raised by Appellant.

It is well-settled that:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and quotation marks omitted).

With regard to the imposition of consecutive sentences, this Court has held:

A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010)[.] Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012)[(*en banc*)].

> [An appellant] may raise a substantial question where [s]he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Swope*, 123 A.3d 333, 338-39 (Pa. Super. 2015) (quotation omitted).

As this Court has emphasized, "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (citation and quotation omitted).

In the case *sub judice*, Appellant's challenge to the imposition of consecutive sentences does not raise a substantial question permitting our review. The trial court imposed sentences within the standard range of the sentencing guidelines for each offense. Appellant's convictions stem from five separate criminal episodes in which he terrorized his estranged wife and multiple family members. His conduct continued despite repeated warnings not to return to the home or contact any of his victims. Put simply, there is nothing in the record to suggest that the trial court's decision to impose consecutive sentences "raises the aggregate sentence to, what appears on its face to be, an excessive level in light of the criminal conduct at issue in

this case." **Prisk**, 13 A.3d at 533 (citation and quotation omitted). Accordingly, we conclude Appellant has not raised a substantial question permitting our review as to the trial court's imposition of consecutive sentences.

Accordingly, we agree with counsel that this appeal is wholly frivolous. Furthermore, our independent review of the record reveals no additional non-frivolous claims. We therefore grant counsel's Petition to Withdraw and affirm the January 22, 2014 Judgment of Sentence.

Judgment of Sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/2016